## V. J. Butler *v.* Town of Oxford.

1. Municipal Corporation. *Street. Fright of horse. Act of third person.*

   A municipal corporation is not liable for injuries to a person, occasioned by the overturning of a vehicle, caused by the fright of the horse at an unsightly object in a gully in the street, but outside of the traveled way, the object having been put there within two hours before by the driver of the corporation cart, at the instance of a citizen, without the knowledge of the city authorities.

2. Same. *Driver of town cart. Wrongful act. Agency.*

   In such case, it merely appearing that the person placing the object in the street was the driver of the town cart, there being no evidence showing that he had authority or discretion in reference to the streets or otherwise in behalf of the corporation, it is not responsible for his act.

3. Same. *Notice to corporation. Time insufficient.*

   In such case, the object being outside the traveled way of the street, and being placed there without the knowledge of the town authorities, and a sufficient time not having elapsed from which notice to them could be presumed, the corporation cannot be charged with notice of the presence of the object.

4. Same. *Street reasonably safe. Cause of injury.*

   The corporation cannot be held liable, in such case, because outside the beaten track, about six feet, on the side the carriage turned, there was a depression in the street, which made the wheels on that side about ten inches lower than the others, and accelerated the overturning of the vehicle. The traveled way being reasonably safe, and the slope therefrom not being sufficiently great to be dangerous under ordinary circumstances, the accident is not to be attributed to the defect in the street, but to the fright of the horse, and his sudden veering to one side.

FROM the circuit court of Lafayette county.
HON. W. M. ROGERS, Judge.

The appellant, V. J. Butler, instituted this action against the town of Oxford to recover damages for personal injuries sustained by her through the alleged negligence of the defendant in respect to one of its streets. The case was tried twice. The first trial resulted in a judgment for defendant, which, on motion of plaintiff, was set aside. The defendant excepted to the action of the court in granting a new trial. A second trial resulted also in a verdict for defendant. Motion for new trial overruled. Plaintiff appeals. The main facts are set out in the opinion of the court.

Plaintiff was seated in a carriage, which was drawn by a horse reasonably gentle. The carriage was being driven along a street in the town of Oxford, going west, when another street was reached, and the carriage turned to the right. About thirty or forty feet from the corner, after turning, the horse was frightened by an object in a wide gully in the street, a few feet from the traveled way, and shied to the left, overturning the carriage, and plaintiff was injured. The evidence showed that, at the point where the accident occurred, there was, on the west, a little to the left of the ordinary traveled way, a spoon-shaped depression in the street, and that a vehicle, in turning the corner, and deflecting as much as six or eight feet from the beaten track, would have the wheels on the right about ten inches higher than those on the left, which fact, it was urged by the plaintiff, would tend to overturn a vehicle going around the corner with any speed.

On the occasion of the injury, the carriage was overturned to the left, and there was evidence showing that the wheels on that side were in the depression, and lower than the other wheels. On either side of the beaten track, which was seven or eight feet wide, the street was rough, and was very little used.

On behalf of the defendant some evidence was introduced

in the effort to show that the carriage was going fast; that the horse shied a little and was jerked by the driver, when he fell, causing the carriage to turn over, and that, therefore, the injury occurred by reason of negligent and improper driving. But, in view of the opinion of the court, it is not necessary to state the facts as to the alleged negligence of the driver; and, as the court holds that the plaintiff, on the facts, was not entitled to recover, regardless of any question as to the correctness of the instructions, it is not necessary to set out the instructions that were given and refused in the court below, about which complaint is made.

*A. H. Whitfield* and *E. Mayes*, for appellant.

1. A municipal corporation is liable in a case like this if the object likely to frighten horses is so near the traveled way as to frighten a horse of ordinary gentleness. *Morse* v. *Richmond*, 98 Am. Dec., 608; 75 Ill., 530; 42 N. H., 197; 15 Vt., 708; Sher. & Redf. on Neg., p. 445. For a case exactly like this, see *Cushing* v. *Bedford*, 125 Mass., 526. See also *Vicksburg* v. *Hennessy*, 54 Miss., 391.

The town is liable if the injury is due to the combined effect of the uneven surface of the street and the negligence of a third party. Sher. & Redf. on Neg., p. 459; 6 Cush., 524; 35 N. H., 52; 2 Dill., Mun. Cor., 1049 and note 1; 98 Am. Dec., 600 and note.

Any contributory negligence which would bar plaintiff must directly or approximately contribute to the injury. *Patton* v. *Railroad Co.*, 31 Miss., 156.

No notice to the town was necessary, because the object was so notoriously frightful that knowledge on the part of the authorities will be presumed. 2 Dill., Mun. Cor., p. 1052; 98 Am. Dec., 600 and note; Sher. & Redf. on Neg., § 408 and notes.

As to length of time an object of ordinarily frightful character must remain in the street before notice will be presumed, see 31 Am. Rep., 46; 4 *Ib.*, 603; 4 Wall., 189; 14 Me., 198; 25 Mich., 275.

The fact that some third party may be liable to the town makes no difference.   98 Am. Dec., 602.

2. Without regard to the errors of law, the verdict is manifestly wrong.

*C. B. Howry* and *John W. T. Falkner*, for appellee,

Filed lengthy briefs as to the questions decided by the court, making the following points, and citing the following authorities:

1. The basis of every action of this character is negligence. Generally speaking, a town performs its duty when the traveled way is without obstruction or defects, and is sufficiently level and secure to enable persons to travel safely with ordinary care.   2 Dill., Mun. Cor., § 752 *et seq.; Ib.*, § 1003; 13 Gray, 59; 11 Allen, 318; 69 Am. Dec., 535; 90 *Ib.*, 194; 98 *Ib.*, 600, 611.   See also *Bell* v. *West Point*, 51 Miss., 262.

If the defects complained of be out of the traveled roadway, the corporation is not liable.   68 Me., 152; 83 Ill., 248; 4 Gray, 395.

2. The driver of the corporation cart was a mere laborer, with no discretion or authority to represent the corporation. The act complained of was done at the request of a third person, and was wholly out of the line of the laborer's duty, and the town is not liable.   *Leggett* v. *Simmons*, 7 Smed. & M., 348; *McCoy* v. *McKowen*, 26 Miss., 490; *Newell* v. *Cowan*, 30 *Ib.*, 492; *Exum* v. *Brister*, 35 *Ib.*, 391; *Sherman* v. *Grenada*, 51 *Ib.*, 186; *Chandler* v. *Bay St. Louis*, 57 *Ib.*, 326; *Fairchild* v. *Railroad Co.*, 60 *Ib*, 931; Story's Agency, § 456; 2 Dill., Mun. Cor., § 775 *et seq.; Ib.*, 974, 976 and authorities cited; 50 Md., 138; 1 Allen, 101, 172; 51 *Ib.*, 687; 16 Gray, 297; 76 N. Y., 506; 33 Wis., 314.   See especially *Barney* v. *Lowell*, 98 Mass., 570.

3. There is no pretense that the town authorities had notice of the obstruction, or of facts from which notice might be inferred.

4. The question of negligence was one purely of fact, and

this was settled in favor of the defendant by the verdict of the jury. The verdict is right, and cannot be disturbed by this court. 4 How., 396; 1 Smed. & M., 22, 381; 13 Smed. & M., 403, 656; 31 Miss., 314; 32 *Ib.*, 309; 36 *Ib.*, 458; 43 *Ib.*, 538; 44 *Ib.*, 449; *Allen* v. *State*, 66 Miss., 385; *Chambers* v. *Meaut*, *Ib.*, 625.

COOPER, J., delivered the opinion of the court.

Regardless of any question upon the correctness of the instructions given or refused in the court below, the judgment must be affirmed, on the ground that, in no view of the evidence, is there shown a right of recovery by the plaintiff. According to her contention, the accident in which she sustained injury resulted from the fright of her horse, occasioned by an old furnace and some pieces of stove-pipe being deposited in a ditch by the side of the street along which she was traveling.

The evidence is conclusive that those objects had been placed in the ditch about one hour—certainly not more than two hours—before the accident, by one Sam McEwen. It is not suggested that any official of the town had notice that they had been placed there, and it cannot be said that a sufficient time had elapsed from which such notice could be presumed. The articles were not in the wrought highway, but in the ditch beside it. Under these circumstances, it would be the duty of the court to promptly set aside a verdict resting upon the negligence of the town authorities from their presumed knowledge of the condition of the highway.

The principal contention of the plaintiff in the court below seems to have been that the town was liable because the articles were placed in the ditch by Sam McEwen, the driver of the corporation cart, and, therefore, as the plaintiff asserts, by the corporation itself; in other words, that McEwen was the agent of the town. We have carefully read and re-read the record, but have failed to discover any evidence upon which the supposed agency can rest. It is said by some of

the witnesses that McEwen was the driver of the corporation cart, and that he carried the furnace and other things to the ditch in the cart.    But that he was acting for the corporation on this occasion, or that he was authorized by his general employment so to do, nowhere appears.    It is not shown what his duties were at any time.    Whether he was the town scavenger or servant, whether he had any duty or authority in reference to streets, or in what respect he was supposed to act, is not shown or suggested..    All that appears is, that he was the driver of the corporation cart, and that a message was sent to him by the rector of the church to remove from the church an old furnace, and that he went for it with the corporation cart, and carried and placed it in the ditch. These facts are wholly insufficient to establish his agency for the corporation.    With equal justice, the town might be held liable for the value of any property McEwen should steal, if the asportation was with its cart.

*Judgment affirmed.*

Thereupon, the appellant interposed a suggestion of error, in support of which *Edward Mayes* filed the following brief:

A very material *fact* in this case is one wholly independent of the objects in the ditch.    This is the improper and dangerous condition of the roadway itself.    On account of the depression, a vehicle, in turning the corner, and making a deflection of only five or six feet from the narrow, beaten track in the middle of the street, would cause the inner wheels to be about ten inches higher than the others, and inevitably tend to turn the vehicle over, if there was any momentum.    The view of the plaintiff is, that, even if the town is not responsible for the presence of the obstruction, still, that presence was but a contributing cause, and the shying of the horse would still not have turned the vehicle over, if the *street* had been in proper condition, and, therefore, the town is liable.    This view the opinion of the court does not touch. It was a view designed to be urged on the jury by the in-

structions that were refused. It was a proper view, and should have been considered. 2 Thomp. on Neg., p. 781, note 1; Sher. & Redf., p. 459; 2 Dill., Mun. Cor., p. 1049, note 1; 6 Cush., 524; 35 N. H., 52; *Morse* v. *Richmond,* 98 Am. Dec., 600 and note.

COOPER, J., in response to the suggestion of error.

A verdict for the plaintiff, resting upon the supposed defect in the wrought way, would not, in our opinion, have found sufficient support in the evidence. Clearly, the traveled way was reasonably safe, and the slope towards the ditch, outside of that portion of the street along which vehicles were ordinarily driven, was not sufficiently great to be at all dangerous under ordinary circumstances. The plaintiff's horse was frightened, and veered from the traveled road, and, in so doing, upset the carriage, throwing the plaintiff therefrom. Any variation from a level in the face of the street would have contributed somewhat to the overturning of the vehicle, but to attribute the accident to the defect in the way would be in direct conflict with the facts proved by the plaintiff's own witnesses.

*Suggestion denied.*