Gulfport & Mississippi Coast Traction Co. et al. *v.*
Manuel et al.

[85 South. 308, In Banc. No. 21211.]

1. Municipal Corporations. *City held not liable for death of driver of motorcycle from collision with any wire posts.*

Where a municipal street was thirty-seven feet wide, and where it kept 17.7 feet of said street open for a travelway for vehicles in good condition, and where it authorized and directed an electric street car company to erect its guy wire poles between the travelway and the sidewalk about three and one half feet from the outer limits of the travelway, it is not negligent, and it is not liable for the death of the driver of a motor vehicle who was killed while running the motor vehicle at an unlawful and highly dangerous rate of speed.

2. Municipal Corporations. *City may allow part of street for erection of wire poles; city not liable for injury to one recklessly leaving traveled way and colliding with pole between it and sidewalk.*

A municipality may set apart a portion of its streets between the travelway for vehicles and the sidewalk for the erection of

poles for electric light wires, telephone wires, or trolly wires, and for similar purposes. It need not give the whole street to drivers of vehicles. The street may be used for procuring conveniences as well as for travel, and, if the driveway for vehicles is of sufficient width and in proper repair to meet the needs of travel, the municipality is not liable for injuries to one who recklessly departs from the traveled way and collides with poles placed in the right of way for public purposes.

3. MUNICIPAL CORPORATIONS. *Municipal duty as to streets not required to insure safety of reckless drivers; vehicle user not entitled to entire street, and municipality's duty is performed if traveled way is adequate.*

The extent of the duty of a municipality with reference to the safety of its streets is to keep its streets reasonably safe for general use. It is not required to have them in such condition as to insure the safety of reckless drivers. The user of vehicles is not entitled to the entire street from property line to property line; but, so long as the traveled way is adequate for the use of vehicles, the duty of the municipality to the driver of vehicles is satisfied.

APPEAL from the circuit court of Harrison County.
Hon. D. M. GRAHAM, Judge.

Action by Mrs. Eugenia Manuel and Flores Manuel, a minor, against the City of Biloxi and the Gulfport & Mississippi Coast Traction Company. Judgment for plaintiffs, and defendants appeal. Reversed, and judgment rendered for defendants.

*White & Ford,* for appellant.

While the question as to what constituted negligence is one for the jury whenever there are facts shown upon which negligence can reasonably be predicated, where the undisputed testimony shows a state of facts such that reasonable or careful man would believe that there was no possible danger therefrom, a peremptory instruc tion should be given, and in such case this court does not, hesitate to reverse and dismiss. *Gin Co. v. Moore,* 103 Miss. 447; *Railroad Company* v. *Frazier,* 104 Miss. 379; *A. & V. Ry. Co.* v. *White,* 106 Miss. 141; *Chicago*

*Title & Trust Co.* v. *Standard Fashion Co.*, 106 Ill. App. 135; *Terminal Ass'n.* v. *Larkins*, 112 Mo. App. 366; *Union Pac. Ry. Co.* v. *Leppard*, 47 Pac. 625, 5 Kans. App. 484; *Chicago B. & Q. Ry. Co.* v. *Schwanenfeldt*, 105 N. W. 1101, 75 Neb. 80.

"Where there is no controversy as to the facts, the question of negligence is for the court; otherwise, it is for the jury." *Thomas* v. *Wheeling Electrical Co.*, 46 S. E. 217, 54 W. Va. 395. This pole was set in a grass plot three feet from the traveled street and in the place selected by the city authorities as a safe and proper place for it. It was absolutely safe to all persons using the slightest care in traveling the street, and for all persons using the street in a lawful manner.

Appellant could not foresee that some reckless rider of a motorcycle, driving his machine at a reckless rate of speed in violation of law, would lose control of his machine at this particular place and leaving the traveled street run against this pole. The facts are undisputed and there is no act of appellant from which a jury by the widest stretch of imagination could infer negligence and we therefore confidently insist that there was no question for the jury to pass upon and that the judgment should be set aside, the cause reversed and a judgment entered here for defendants.

There is another established fact which is fatal to appellee's cause. The deceased was killed while violating the laws of the state and the ordinances of the City of Biloxi and his death was the direct result of his unlawful act. That this is true was shown by the undisputed testimony of witnesses and by the conditions and circumstances surrounding the accident itself. *Broschart* v. *Tuttle*, 11 L. R. A. 33; *W. U. Tel. Co.* v. *McLaurin*, L. R. A. 1915C, 389; *Railroad Company* v. *Messina*, 111 Miss. 884.

No case has been brought to our attention and upon careful investigation we have found none in which a plaintiff, whose violation of law contributes directly or

proximately to cause him an injury, has been permitted to recover for it, and decisions are numerous to the contrary. *Newcome* v. *Boston, Portective Department,* 4 Am. St. Rep. 358 (and authorities cited on this page); *Boswart* v. *Inhabitants of Swaney,* 41 Am. Dec. 341; *Heland* v. *City of Lowell,* 81 Am. Dec. 670; *Knickerbocker, Ice Co.* v. *Leyda,* 128 Ill. App. 66; *Dudley* v. *N. H. Street Ry. Co.,* 89 N. E. 25; *Wyatts* v. *Traction Company,* 57 So. 471; *So. Ry. Company* v. *Rice,* 78 S. E. 592; *Haumesser* v. *Central Brewing Company,* 158 Ill. App. 648. The law does not place upon this appellant the duty of placing its poles in the street in such manner as to make them safe for speed maniacs and violators of the law, nor does the law penalize one for the unlawful act of another.

We therefore submit that the record shows two perfect defense to this suit; first, the proof conclusively shows that appellant's pole was set in a perfectly safe place, and second; that the death of Manuel was the direct result of his own ulawful act.

*Rushing & Guice,* for appellant.

The pole in question was not in a dangerous place for any person in the exercise of even ordinary care for his own safety and certainly municipal corporations do not owe a higher duty to those persons who recklessly and without the slightest regard for their own safety use the streets for reckless driving. Such reckless riders not only endanger their own lives but those of all others of cities whose business requires them to use the streets.

In the case of *Walker* v. *Vicksburg,* 71 Miss. 899, 15 So. 132, the court through Campbell, C. J., said: "Assuming the law to be that Walker did not sustain such relation to the city, by reason of his employment as a fireman, as to preclude him from recovering from any injury sustained because of a defect in the street, under circumstances which would entitle any traveler to recov-

er, it appears too plain for dispute that his injury resulted from want of due care on his part, and that on this ground he should not be allowed to recover. The extent of the obligation of the city is to keep the streets in a condition reasonably safe for a general use, and it is not required to have them so as to insure the safety of a reckless driver, whether a fireman or another. According to the testimony of Mr. Gibson, for the plaintiff: 'A person driving prudently and with ordinary care should have passed the place without accident. A fireman is not exempt from the duty to exercise ordinary care and prudence in driving to a fire.' "

We submit that the comparative negligence statute does not apply to actions against municipalities based on injuries received from the use of its streets but that should your Honors hold otherwise, we submit that the facts of this case show no negligence on the part of the city.

As late as 1915 this court in considering the case of the city of *Meridian* v. *Crook,* 109 Miss. 700, 69 So. 182 decided quoting from said case: "In the case of *City of Vicksburg* v. *Hennessy,* 54 Miss. 391, 28 Am. Rep. 354, our court announces the foundation principle running through all the cases of this character. Judge CHALMERS, for the court, well says: "Municipal corporations are not liable for every accident that may happen in their streets. They are not insurers of the safety of those who use them. Their duty is discharged when they have made them reasonably safe for people of ordinary prudence."

The same principle is announced and recognized in the case of *Nesbitt* v. *City of Greenville,* 69 Miss. 22, 10 So. 452, 30 Am. St. Rep. 251, in the statement of the court that: "Ordinary care over its streets is the measure of diligence imposed upon municipal corporations, and they are not insurers against injury to persons using the public streets." To the same effect is the

statement on page 1006, 2 Dillon on Municipal Corporations.

In the case of *Waggener* v. *Town of Point Pleasant,* 42 W. Va. 798, 26 S. E. 352, the plaintiff in his declaration alleged that the town—"wrongfully and injuriously allowed and permitted said sidewalk to become and remain in bad condition, order, and repair, within the corporate limits of said town, in this: That the said defendant permitted a great number of bricks of which said sidewalk was built to be torn up and carried away, and that other of said bricks were in the ground, with their tops projecting upward above the surrounding surface, and there was also a number of loose bricks partially imbedded in the ground, all of which made a very rough, uneven, and dangerous surface on said sidewalk, and allowed said sidewalk to be and remain uneven, sideling, muddy, rocky and slippery," etc. The court sustained a demurrer to the declaration. *Morrison* v. *City of Philadelphia,* 195 Pa. 372, 45 Atl. 1068.; *Hamilton* v. *City of Buffalo,* 173 N. Y. 72, 65 N. E. 944; *Butler* v. *Village of Oxford,* 186 N. Y. 444, 79 N. E. 712; *Stratton* v. *City of New York,* 190 N. Y. 294, 83 N. E. 40; *City of Indianapolis* v. *Cook,* 99 Ind. 10.

Counsel for appellee rely upon the cases of *City of Natchez* v. *Lewis,* 90 Miss. 310, 43 So. 471, and *Birdsong* v. *Mendanhall,* 97 Miss. 544, 52 So. 795. In the Lewis case there was a hole in the sidewalk, twelve inches or more in length, at least eight inches in depth, and slanting downward and upward toward the street, and it was shown, that this hole had remained there so long that the city had due notice thereof. In the Birdsong case plaintiff's foot was caught in a hole and he was tripped, and fell and sustained injuries. The exact character of the defect complained of is not disclosed by the reported case. The principal defense was to the effect that plaintiff had knowledge of the condition, and was thereby debarred from any recovery, and

the opinion of the court deals primarily with this point. The point was not raised in that case that the defect complained of was not an unreasonable situation, and we gather from the briefs of counsel that the defect was indeed dangerous. *Leslie* v. *City of Grand Rapids,* 78 N. W. 885, 120 Mich. 28.

It is sufficient if the streets, including sidewalks and bridges thereon, are in a reasonably safe condition for travel in the ordinary manner by night as well as by day and whether they are so or not is to be determined by the particular circumstances of each case. *Wilson* v. *City of Wheeling,* 19 W. Va. 323, 42 Am. Rep. 780; *Van Pelt* v. *Town of Clarksburg,* 42 W. Va. 218, 42 S. E. 878.

A bicycle rider is not entitled to recover for injuries sustained by reason of a defect in the street, where the defect would not have caused injury to an ordinary rider. *Fox* v. *Clark,* 357A. 305, 25 R. I. 515, 65 L. R. A. 234; *Town of Union* v. *Heflin,* 61 So. 652.

We submit that to apply the comparative negligence statute to personal injury suits arising from the use of the city streets would entirely change the law that has always applied to municipalities, that municipal corporations are *sui generis* by reason, of the fact that they exercise governmental functions.

In the instant case, the pole was not in itself dangerous, nor in a place which was dangerous, to those persons who used the streets for ordinary modes of travel and the unfortunate accident which deprived young Manuel of his life could not have been foreseen.

The testimony shows that the decedent violated the law as to speed and this phase of the case together with some other features has been fully covered in the excellent brief of counsel for the Traction Company.

*Mize & Mize,* for appellee.

The sole and only question in this case is as to the location of the pole that Manuel struck being inside the

street, and whether or not it was negligence on the part of the street car company to place the pole where it did in said street and whether or not it was negligence on the part of the city of Biloxi in permitting said pole to remain in the street where the car company had placed it. That this pole was inside the street eight or nine feet, there can be no doubt. See testimony of Shaw and other witnesses at the scene of the accident. That it was feasible to move this pole back eight or nine feet, out of the street, is shown by the fact that after the accident, it was moved back eight or nine feet out of the street. See testimony of Shaw, testimony of Manuel; testimony of Gorenflo; also see diagram set up as original exhibit showing location of post at time of accident and location of post after accident when it had been moved back out of the street.

As to whether or not the deceased was riding recklessly at the time of the accident, and, if so, whether or not this recklessness was the sole cause of his injury and death, were questions for the jury, and the questions as to whether or not he was riding recklessly at the time of the accident, and, if so, whether or not such negligence contributed to his injury and death, were for the jury. If the jury believed from the evidence that Manuel was riding recklessly at the time of the accident and that this negligence contributed to his death, yet this would only diminish the damages, if they also believed that appellants were guilty of negligence proximately contributing to his death. This was solely a question for the jury. The fact that the verdict returned for the death of this young man was but for three thousand dollars would tend to show that there was a diminution of damages by the jury.

The question of whether or not the manner of riding of Manuel at the time of his death was the sole cause of his death was submitted to the jury in the instruction given for the city of Biloxi.

123—Miss. 18.

As, to whether or not appellants were guilty of negligence contributing to Manuel's death in erecting and permitting to remain said pole in the location in which it was at the time of the accident, were submitted to the jury in instructions given for both plaintiffs and defendants.

The only way by which the jury could have found for the appellants under the instructions given was either for the jury to believe that Manuel's manner of riding at the time of the accident was the sole cause of his injury and death, or to believe that there was no negligence on the part of the appellants in erecting and permitting the pole to remain at the location where it was at the time of the accident.

The issues were submitted to the jury under proper instructions, and were decided against the appellants. Now there is no evidence how fast he was going except that of witness Rayburn ·and evidence examination of this witness shows he was not going over fifteen miles per hour.

As to the sustaining of the demurrer to the third plea of the Gulfport & Mississippi Coast Traction Company of which appellant complains, we submit that it was properly sustained, because it is argumentative and because it sets up contributory negligence as a plea in bar when the most that contributory negligence of the deceased could effect for the defendants would be a diminution of damages of plaintiffs.

Further, the identical matter set up in said third plea is set up on the second plea of appellant Gulfport & Mississippi Coast Traction Company on which issue was taken. The court will observe that the demurrer of appellees to the said third plea of said appellant points out that the matters contained therein are also set up in its plea No. 2. The court will observe that the city of Biloxi did not file such plea, and that replies were made to all the pleas of the city of Biloxi.

We therefore submit that the demurrer to the third plea of appellant Gulfport & Mississippi Coast Traction Company was as aforesaid, properly sustained, because all matters set forth therein were set up in said appellant's second plea on which issue was joined by replication; next, because it is argumentative; next, because it sets up cotributory negligence as a plea in bar, when the most contributory negligence could do in favor of appellants would be to reduce damages of plaintiffs. Appellant got advantage of everything set up in its plea No. 3 by its plea No. 2.

As to liability, this case is controlled by the Mississippi case of *McBeath* v. *City of Meridian,* 80 Miss. 485. Also see following authorities: 2 Joyce on Electric Law, sec. 69; Keasbey on Electric Wires, sec. 222; *Cleveland* v. *Street Ry. Co.,* 86 Maine 232 (4 Am. Electrical Cases, p. 400); *Sheldon* v. *Western Union Tel. Co.,* 51 Hun. 592, 2 Am. Electrical Cases, 299; *Wolfe* v. *Erie Telegraph & Telephone Co.,* 33 Fed. 320; *Sheffield* v. *Central Union Telegraph Company,* 36 Fed. 164; *Watts* v. *So. Bell Telephone Co.,* 40 S. E. 107; also, see *Louisville Home Telephone Co.* v. *Gasper,* 93 S. W. 1057; Elliott on Roads and Streets (3 Ed.), sec. 1073; *Postal Telegraph Cable Co.* v. *Herrington,* 136 C. C. A. 636.

We could multiply authorities in point in this case but we deem the ones cited controlling and have found none to the contrary; all holding, that where a post or obstruction is erected in a street or highway, and some one is injured thereby, it is a question for the jury to determine whether or not its being placed and maintained there is negligence. The authorities cited by appellants are chiefly of accidents due to holes in the street caused by ordinary street operations, and most, if not all, were decided when contributory negligence was a bar, before our comparative negligence statute was enacted.

Ethridge, J., delivered the opinion of the court.

The appellees sued the city of Biloxi and the Gulfport & Mississippi Coast Traction Company for damages occasioned by the death of William Manuel, the husband of the plaintiff Eugenia Manuel and father of the other plaintiff. William Manuel's death was caused by a violent collision with a post situated within the right of way of a street of the city of Biloxi, which post was used as a guy wire post to support the trolley wire of the Gulfport & Mississippi Coast Traction Company which operated an electric street car line along the said street. The pole which caused the death of Manuel was situated outside of the traveled portion of the street but some fourteen feet from the property line on the south side of the street. The street from property line to property line was about thirty-seven feet. Near the center of the street was a shell road seventeen and seven-tenths feet wide which was the traveled road for vehicles. The electric car line lay between the shell road and the north property line of the street, and the record shows that the street was on a level with the tracks, and the grass was short along the railroad tracks. On the south side of the shell road the grass and weeds had grown up from several inches to a foot or two in height and was not ordinarily traveled by vehicles. It was in fairly good shape for public travel except for being overgrown with grass and weeds. There was no sidewalk on the south side of the street, but a footpath south of the pole in question, and the sidewalk had been laid up the street for some distance above the pole, and if extended would have left the pole some seven or eight feet between the sidewalk and the traveled shell road. Within this space the traction company was directed by the city to place its guy poles, and they were placed in accordance with the direction of the city and had been in the street at the point where located for twelve or fifteen years prior to the in-

jury. On the afternoon in question, the deceased was coming down a street which intersected the street where the post was situated at practically right angles and was running his motorcycle at a high rate of speed, the record shows from thirty-five to forty-five miles per hour. The proof shows the street was in a thickly settled community and considerably traveled. Evidently in making the turn into the street the motorcycle on account of the rate of speed went further to the south than its owner calculated, or else he lost control of the machine and ran into the said post, traveling at a high rate of speed, and the motorcycle was wrecked and the deceased badly bruised and mangled by reason of the violent contact, from which injury he died shortly. There are several grounds assigned for reversal of the case, but we deem it necessary to notice only one, to wit, the refusal of the peremptory instruction for the defendant.

It is insisted by the plaintiff that it was negligence for the city and the traction company to erect within the limits of the street the poles in question; that the street must be kept in a reasonably safe condiiion for travel. While the street must be used for public purposes, it is not necessary for the entire space to be kept in condition for travel. The city may lawfully use the street for the construction of sewers, for drainage, to lay gas or water pipes, or to erect poles or string wires for electric lights, or to construct a wharf at the *terminus* of the street, or convert a promenade into wharves, or set apart for a boulevard a portion of a street not devoted to business purposes. 28 Cyc. 853.

It is permissible for the city to set apart a portion of the street for the erection of poles to support light, telephone, and trolley wires. The electric street car system is a convenience and necessity which serves the public interest, and it is not negligence to erect poles between the sidewalk and the traveled parts of the street. The

traveled part of the street was practically eighteen feet wide and is sufficient for the travel according to. the record before us. The pole in question was located some three and one-half feet beyond the egdes of the traveled way as ordinarily used by the traveling public. The extent of the obligation of the city in working its streets is to keep them reasonably safe for general use. It is not required to have them in such condition as to insure the safety of reckless drivers. *Walker* v. *Vicksburg,* 71 Miss. 899, 15 So. 132; *Butler* v. *Oxford,* 69 Miss. 618, 13 So. 626; *Nesbitt* v. *Greenville,* 69 Miss. 22, 10 So. 452, 30 Am. St. Rep. 521. A user of vehicles is not entitled to the entire street from property line to property line. The street not only serves the needs of the traveling public, but serves also the purpose of furnishing the public the conveniences above set out.

In the case of *Butler* v. *Oxford, supra,* the injury occured by a runaway animal which became frightened at an obstacle, departing from the traveled or beaten track about six feet on one side where there was a depression in the street, and the court held that the traveled way being reasonably safe, and the slope therefrom not being sufficiently great to be dangerous under ordinary circumstances, the accident was not to be attributed to the defect in the street, but the fright of the horse and his sudden veering to one side.

The statutes of the state limit the speed of motor vehicles on highways situated as this one was to fifteen miles per hour, and it is manifest from the record that the injury was caused by the recklessness of the deceased .in undertaking to round a curve, or turn at an intersection of streets, at a high and dangerous rate of speed. The pole was situated outside of the traveled way, and it was not negligence to permit the pole to be erected as it was in this case. We think the record fails to show liability against the appellants, and the judgment of the

court below will be reversed, and judgment entered here for the appellants.

Reversed, and judgment here for the appellants.

*Reversed.*