**HEMPHILL v. MISSISSIPPI POWER CO.**
No. 7871.

Circuit Court of Appeals, Fifth Circuit.
June 29, 1936.

Sidney C. Mize, of Gulfport, Miss., for appellant.

C. C. Miller, of Meridian, Miss., and Barney Eaton, Jr., and B. E. Eaton, both of Gulfport, Miss., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit to recover damages caused by the wrecking of his automobile in a collision with a pole belonging to appellee, which carried electric transmission wires. Error is assigned to the direction of a verdict at the close of the evidence.

The complainant substantially alleges that defendant had a large number of poles set on what is known as the Pass Christian Road between Gulfport and Biloxi; that, at a point about one mile east of Handsboro, defendant had negligently set a pole at the edge of the highway so that it was a dangerous obstruction; that at a distance of approximately 200 feet east of said point there is a little ravine, over which is a small bridge; that immediately after crossing this bridge the highway curves to the right; that the highway is known as a black top road, and this particular curve is oval or turtle-shaped, and had been for a long time; that the post had been there for many months; that on the day the accident occurred, in October, 1932, plaintiff was driving an automobile on the highway and as he came around the curve driving in a westerly direction, he crossed the bridge, causing the car to skid slightly and before he could right the car it ran into the light pole. As he came around the curve and crossed the bridge there were flashes of light coming from electric wires that were broken and hanging on the ground, which wires belonged to defendant and were emitting flashes of light, which so blinded him that he could barely see where the road was and could not see the pole as it was almost the color of the black top road. Plaintiff's testimony tends to sustain these allegations except that he did not know what caused the flash he said blinded him.

It is alleged that it was negligence on the part of defendant to place the pole in the position it occupied and permit the wires to become broken so that they would emit flashes of light and obstruct the view of the driver of an automobile.

Undisputed evidence shows that the road is not a dedicated highway, is not over 24 feet in width, and the black top surface is about 16 feet in width; that the pole was set over 2½ feet from the edge of the black top and grass had grown up between it and the travelled part of the road; that the pole had been erected by authority of law and did not interfere with the ordinary use of the road by the public. There was no evidence at all to show that any wires were broken or lying on the ground prior to the accident.

Plaintiff testified that the accident occurred about 9 o'clock of a dark night. It was raining hard and the black top road was slippery; that he had been driving about between 30 and 40 miles an hour be-

fore crossing the bridge and slowed down to between 25 to 30 miles an hour; that he knew the bridge was there and he knew the light poles were there, but he had seen the flash before he reached the pole and he was blinded.

It is urged on behalf of plaintiff that the question of negligence is always for the jury. This is true where there is substantial conflict in the evidence but where the undisputed facts demand a verdict, it is the duty of the judge to direct it. Atchison, T. & S. F. Ry. Co. v. Toops, 281 U.S. 351, 50 S.Ct. 281, 74 L.Ed. 896.

It may be presumed that plaintiff was guilty of contributory negligence in driving over the bridge and around the curve on a dark, rainy night on a slippery road at the rate of speed at which he was going. But we may put that aside as unimportant.

Defendant was not negligent in placing the pole at the spot where the accident occurred. Gulfport & M. Coast Traction Co. v. Manuel, 123 Miss. 266, 85 So. 308; Mississippi Power Co. v. Sellers, 160 Miss. 512, 133 So. 594.

We agree with the District Court that no negligence was shown on the part of defendant warranting a submission of the case to the jury.

Affirmed.